FILED

2008 Jun-17  PM 04:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JACQUELINE JOHNSON, | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| v. | } | Case No.:  2:08-CV-00269-RDP |
| | } | |
| DEPARTMENT OF VETERANS | } | |
| AFFAIRS, et al., | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

Before the court is Defendant United States Department of Veterans' Affairs' Motion to Dismiss (Doc. # 10), filed on May 30, 2008.  Defendant asserts that Plaintiff's case should be dismissed for two reasons: (1) Plaintiff has failed to comply with the court's orders (Docs. # 3, 8) requiring her to file an amended complaint that complies with the pleading standards of the Federal Rules of Civil Procedure; and (2) any claim Plaintiff could assert arising out of the facts alleged in her complaints is either outside this court's jurisdiction or time-barred.  The court agrees with both of Defendant's arguments.

## I.      Plaintiff's Failure to Comply with Court Orders

Plaintiff is *pro se*.  She filed her first complaint (Doc. # 1) on February 14, 2008.  On February 20, 2008, the court ordered her to amend her complaint because it did not state the basis for the court's jurisdiction or identify the factual basis for her claims.  (Doc. # 3).  Plaintiff filed an amended complaint (Doc. # 4) on April 4, 2008, but this amendment did not address the court's concerns with the original complaint.  In fact, the amended complaint was simply the original complaint with an extra page containing more vague and conclusory allegations inserted in the

middle.  Defendant moved to dismiss this complaint (Doc. # 7), but, because Plaintiff is proceeding

*pro se*, the court elected to give her one more chance to draft a complaint that fairly identified the

facts at issue and stated the basis for the court's jurisdiction.  (Doc. # 8).  Plaintiff was ordered to

file this complaint by May 22, 2008.  (*Id.*).  Plaintiff's third amended complaint (Doc. # 9) was filed

late (on May 27, 2008), and does not address the issues about which the court requested clarification.

The court has given Plaintiff three chances to draft a complaint that gives Defendants a fair

chance to be put on notice of the claims against them.  On each occasion, she has failed to meet even

the low standards required by Federal Rule of Civil Procedure 8(a).  The court finds that Plaintiff's

repeated failures are sufficient to warrant the dismissal of her case.

## II.     Plaintiff's Claims are Futile

The court is mindful that "*pro se* pleadings are held to a less strict standard than pleadings

filed by lawyers and thus are construed liberally."  *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir.

2008) (citations omitted).  However, Plaintiff's failure to provide a jurisdictional basis for her suit

is a serious problem in this case that neither relaxed standards nor liberal constructions can remedy.

Plaintiff is attempting to bring claims arising out of her treatment at Veterans Administration ("VA")

facilities.  Because these claims are made against government agencies and employees, the issue of

this court's jurisdiction is especially critical to this case.  Claims of this type may be subject to a

requirement that Plaintiff exhaust her administrative remedies.  The individual defendants have

sovereign or qualified immunity defenses that may need to be addressed depending on the type of

claim asserted.

Defendant has argued that any conceivable claim arising out of the facts alleged in Plaintiff's

various pleadings would be barred by doctrines applicable to those causes of action.  If the court

were to construe Plaintiff as bringing an action under the Federal Tort Claims Act ("FTCA"), she would have to show that she had brought an administrative claim with the VA before this court could hear her suit. *See* 28. U.S.C. § 2675(a) (requiring that an administrative claim be brought before the relevant agency before filing suit under the FTCA). Her failure to exhaust these remedies is fatal to her claim if she intends to bring it under the FTCA.

Alternatively, if Plaintiff is bringing a claim for VA benefits, this court does not have jurisdiction. The Veterans' Judicial Review Act ("VJRA"), Pub. L. No. 100-687, Tit. III, 102 Stat. 4105, 4113-22 (codified in scattered sections of 38 U.S.C.) vests exclusive jurisdiction in the Veterans Review Board, the United States Court of Appeals for the Federal Circuit, and the United States Supreme Court for such claims. *See Hall v. U.S. Dep't of Veterans' Affairs*, 85 F.3d 532, 533-35 (11th Cir. 1996) (discussing the jurisdictional provisions of the VJRA).[1] The court clearly has no power to entertain actions over which it has no jurisdiction.

Finally, if Plaintiff is attempting to maintain a *Bivens* action, it is readily apparent on the face of the complaint that the statute of limitations has run. Under *Bivens* and its progeny, Plaintiff may sue only individual federal officers. *Corr. Serv. Corp. v. Malesko*, 534 U.S. 61, 66 (2001); *F.D.I.C. v. Meyer*, 510 U.S. 471, 485 (1994) ("It must be remembered that the purpose of *Bivens* is to deter *the officer*")(emphasis supplied). Plaintiff names two individuals in her complaints, Mr. Vasquez and Doctor Vanzant. (Doc. # 9 at ¶¶ 3, 5). Mr. Vasquez is alleged to have harmed Plaintiff in July and August of 2005 (*id*. at ¶ 3); Doctor Vanzant is alleged to have harmed Plaintiff in May of 1999 (*id*. at ¶ 5).

---

[1]The jurisdictional provisions of the VJRA apply even if Plaintiff is raising a constitutional issue. *See Beamon v. Brown*, 125 F.3d 965, 972 (6th Cir. 1997).

The Eleventh Circuit applies the Alabama's personal injury statute of limitations to constitutional tort claims brought in federal court. *Uboh v. Reno*, 141 F.3d 1000, 1002 (11th Cir. 1998). Alabama's personal injury limitations period is two years. ALA. CODE § 6-2-38(*l*). Plaintiff did not file this action until February 14, 2008, after the expiration of the two-year limitations period. As a result, to the extent that Plaintiff attempts to state a *Bivens* action in her third amended complaint, such a claim is time-barred.

### III.    Conclusion

The court has given Plaintiff several chances to file a satisfactory pleading. She failed to take advantage of these opportunities. Even in the face of Plaintiff's noncompliance, the court has further attempted to construct from her deficient pleadings a valid cause of action. Nevertheless, even the most generous reading of the pleadings in this case shows that Plaintiff has not satisfied the basic requirements of notice pleading under the Federal Rules of Civil Procedure. No viable claims appear in any of the three complaints. The court finds that each of these two reasons is sufficient to warrant the dismissal of Plaintiff's action. Accordingly, the court will enter an order contemporaneously with this memorandum opinion dismissing Plaintiff's claims without prejudice.

The Clerk of Court is **DIRECTED** to mail a copy of this memorandum opinion to Plaintiff Jacqueline Johnson at 3229 16th Street North, Birmingham, AL 35207.

**DONE** and **ORDERED** this    17th    day of June, 2008.

 

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE